UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Aaron Wallach**, individually and on behalf of all others similarly situated, | * * * | |
| | * | Case No.: _____ |
| 3610 Ottawa Lane | * | |
| Cooper City, FL 33026 | * | |
| | | |
| v. | * | |
| | * | Individual and Collective Action |
| **HFS Financial LLC** | * | |
| 100 Owings Ct #13, Reisterstown, | * | |
| Baltimore County, MD 21136 | * | |
| | * | |
| Serve on: | * | |
| Registered Agent | * | |
| Christopher Rahl | * | |
| Suite - 700 | * | |
| 1001 Fleet Street | * | |
| Baltimore, MD 21202 | * | |
| | * | |
| **Larry Collins, personally** | * | |
| 17 Raisin Tree Circle, | * | |
| Pikesville, Maryland 21208 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Plaintiff's Individual and Collective Action Complaint**

Aaron Wallach ("**Plaintiff**") brings this action individually and on behalf of all others similarly against Defendants HFS Financial LLC ("HFS") and Larry Collins ("Collins") (HFS and Collins collectively "**Defendant**") and in support shows the Court the following:

1. **Nature of Suit.**

    1.1. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("**FLSA**").

    1.2. HFS employed Plaintiff and other Members of the Collective as "Loan Consultants" whose primary job duties involved selling HFS' residential loan products to individuals over the telephone and internet.

    1.3. HFS paid Loan Consultants on a commission-only basis ("**Commission Basis**").

    1.4. The hours worked by Loan Consultants were not accurately tracked or counted and no overtime was paid for these hours ("**Uncounted Hours Policy**"). Because HFS did not accurately track and pay for all hours worked, including overtime hours, Defendants violated the FLSA by failing to pay Plaintiff and the Loan Consultants overtime compensation for all hours worked in excess of 40 per workweek.

    1.5. Plaintiff and the Members of the Collective were misclassified as independent contractors. This was done pursuant to HFS' misclassification policy ("Misclassification Policy").  These individuals were not classified as W-2 employees and, like the W-2 Loan Consultants, were not paid overtime.

2. **Parties.**

    2.1. Defendant employed Plaintiff as a Loan Consultant from approximately February 2021 until approximately November of 2022.

    2.2. Plaintiff's consent to participate in this case is filed as an exhibit to this Complaint.

2.3. Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA ("**Members of the Collective**").

2.4. The Members of the Collective consist of all persons who are or have been employed by HFS as "Loan Consultants," "Loan Officers" or any other like loan sales employee at any time during the three-year period preceding the date of the filing of this Complaint and classified as an independent contractor.

2.5. Defendant HFS Financial LLC is a Maryland limited liability company. Its principal office is 100 Owings Ct #13, Reisterstown, Baltimore County, Maryland 21136.

2.6. At all times material to this lawsuit HFS has been Plaintiff's employer within the meaning of the FLSA.

2.7. Defendant Collins is the owner and President of HFS.

2.8. Defendant Collins is a resident of Baltimore County, Maryland.

2.9. At all times material to this lawsuit Collins has been Plaintiff's employer within the meaning of the FLSA.

2.10. Plaintiff and the other Loan Consultants were "employees," and Defendants were "employers" pursuant to the FLSA.

3. **Jurisdiction and Venue.**

3.1. Venue of this action is proper because HFS maintains an office in Maryland. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

3.2. HFS carries on substantial business in Maryland and HFS and Collins have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA.

4. **FLSA Coverage.**

4.1. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Members of the Collective.

4.2. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3. At all times hereinafter mentioned, Defendants have been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that HFS has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and HFS has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Members of the Collective specifically handled and used

      materials that traveled in interstate commerce, including computer and telephone equipment, to sell HFS' loan products over the telephone and the internet.

4.5. At all times hereinafter mentioned, Plaintiff and the Members of the Collective were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

4.6. HFS is a national provider of home improvement loans. Two or more of HFS' employees, engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, HFS' employees used/use:

    4.6.1. computers and telecommunications equipment that has been manufactured and shipped across state lines;

    4.6.2. office equipment, such as copiers, that has been manufactured and shipped across state lines;

    4.6.3. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

    4.6.4. The United States postal system to send mail across state lines; and

    4.6.5. the interstate banking systems to pay HFS' employees.

4.7. Under the economic realities test, HFS and Collins are employers of Plaintiff and the Members of the Collective. *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62 (4th Cir. 2016).

4.8. Collins had authority to and did set corporate policy, participate in decisions regarding the payment of employees as well as make decisions regarding whether or not to pay Plaintiff and the Collective Members overtime.

4.9. Collins had operational control of significant aspects of HFS' day-to-day functions and independently exercised control over the work situation.

4.10.    Collins had direct involvement in the day-to-day operation of HFS.

4.11.    Collins possessed the power to hire and fire the Plaintiff and Members of the Collective and did so.

4.12.    Collins supervised and controlled Plaintiff and the members of the Collective's work schedules or conditions of employment.

4.13.    Collins determined the rate and method of payment for Plaintiff and Members of the Collective.

4.14.    Collins maintained employment records for Plaintiff and the Members of the Collective.

4.15.    Collins acted, directly or indirectly, in the interests of HFS in relation to Plaintiff and the Collective Members.

5. **Factual Allegations.**

5.1. HFS has business operations throughout the United States, including in Maryland, during the three years prior to the filings of this lawsuit.

5.2. Plaintiff worked for HFS as a Loan Consultant for HFS from approximately February 2021 until November 2022.

5.3. As a Loan Consultant, Plaintiff's primary job duties consisted of selling HFS' residential home improvement loan products to customers over the telephone and through the internet.

5.4. Plaintiff and the other Loan Consultants did not customarily and regularly make sales at their customer's home or place of business. Instead, Plaintiff and the other Loan Consultants regularly made sales over the phone or the internet.

5.5. Plaintiff worked over 40 hours per week. He was not paid any overtime for any of the weeks he worked over 40 hours.

5.6. Defendants knew that Plaintiff worked in excess of 40 hours per workweek.

5.7. Defendants did not accurately track the hours worked by Plaintiff and the Members of the Collective.

5.8. Instead of providing Plaintiff with overtime pay, HFS paid Plaintiff on a Commission Basis, without overtime pay for his many hours of overtime work.

5.9. Plaintiff is entitled to receive overtime pay for all hours he worked in excess of 40 hours per workweek.

5.10. Defendants willfully failed to pay overtime to Plaintiff and the Members of the Collective despite having awareness of the FLSA's overtime requirements. Specific facts exposing that Defendants willfully violates/violated the FLSA include the fact that Defendants (1) instituted and enforced the Uncounted Hours Policy; (2) failed to keep proper employment records for Plaintiff and the Members of the Collective; and (3) failed to keep accurate time

records for the hours worked by Plaintiff and the Members of the Collective during their employment.

6. **Misclassification Policy.**

    6.1. To provide services to many of its clients, HFS retains Loan Consultants to perform services on its behalf.

    6.2. Plaintiff and the Members of the Collective were improperly classified as independent contractors.

    6.3. Some Loan Consultants (not covered by this lawsuit) were classified as W-2 employees.

    6.4. The Loan Consultants, regardless of whether they were classified as W-2 employees or independent contractors, had the same duties, responsibilities, schedules and compensation methods.

    6.5. Defendants determine the terms and conditions of employment for all the Loan Consultants.

    6.6. Defendants hired and fired, supervised and controlled, set pay, and determined hours for all the Loan Consultants.

    6.7. The work Plaintiff and the Loan Consultants performed was an essential part of HFS' core business.

    6.8. During Plaintiff's and the Loan Consultants' employment with Defendants and while they were classified as employees or independent contractors, Defendants exercised control over all aspects of their job.

6.9. Defendant controlled Plaintiff's and the Loan Consultants' opportunity for profit and loss by dictating the days and hours they worked and the rate they were paid.

6.10. Plaintiff and the Loan Consultants were not required to possess any unique or specialized skillset to perform their job duties.

6.11. Plaintiff and the Loan Consultants worked exclusively for Defendant and were prevented by Defendant from working for other residential home improvement loan firms.

6.12. While working for Defendants, Defendants controlled all the significant or meaningful aspects of the job duties performed by Plaintiff and the Loan Consultants.

6.13. Plaintiff and the Loan Consultants were not required to make a real investment to perform their job.

6.14. Plaintiff and the Loan Consultants did not incur operating expenses like rent, payroll, marketing, and insurance.

6.15. Plaintiff and the Loan Consultants were economically dependent on Defendants during their employment with Defendants.

6.16. Defendants set Plaintiff's and the Loan Consultants' rates of pay, work schedule, and effectively prevented (or outright prohibited) them from working other jobs for other companies while they were working for Defendants.

6.17. Plaintiffs' earning opportunity was based on the number of loans Defendants assigned them to work.

6.18. The Plaintiff and the Loan Consultants were prohibited from varying their job duties outside of pre-determined parameters and were required to follow HFS' policies, procedures, and directives.

6.19. Plaintiff and the Loan Consultants were not employed by Defendants on a project-by-project basis.

6.20. All of the Loan Consultants working for, or on behalf of Defendant, perform similar job duties and are subjected to the same or similar policies and procedures, which dictate the day-to-day activities performed by each person.

6.21. All of the Loan Consultants working for, or on behalf of Defendants, also were denied overtime as a result of the same illegal pay practice.

6.22. The Loan Consultants that were classified as independent contractors were in fact W-2 employees and should have been classified and compensated as a W-2 employee.

**7. Collective Action Allegations.**

7.1. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b).

7.2. The Members of the Collective are similarly situated to Plaintiff in terms of job duties and pay provisions.

7.3. Plaintiff and the Members of the Collective all sold HFS' residential home improvement loan products to individuals over the phone and through the internet. Plaintiff and the Members of the Collective were also subjected to the

same illegal pay provisions: the Uncounted Hours Policy that failed to pay the Loan Consultants overtime for all hours worked in excess of 40 per workweek.

7.4. Members of the Collective are similarly situated to Plaintiff in terms of job duties and pay provisions.

7.5. The pay policies for all Loan Consultants were the same.

7.6. Defendants uniformly applied its pay policies to all Loan Consultants.

7.7. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Collective.  Thus, Plaintiff's experience is typical of the experience of the Members of the Collective. All Members of the Collective, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are common to Plaintiffs and the Members of the Collective.

8. **Cause of Action 1: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

    8.1. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

    8.2. During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2),

by employing Loan Consultants in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiffs and the Members of the Collective in accordance with the law.

## 9. Litigation Hold.

9.1. Plaintiff requests that Defendants take action to preserve all potentially relevant documents and ESI and to prevent the deletion or spoliation of any evidence.

## 10. Relief Sought.

10.1.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Court enter judgment for Plaintiff and Members of the Collective against HFS and Collins, jointly and severally, and:

10.1.1.1. Award damages for unpaid overtime wages under 29 U.S.C. § 216(b;

10.1.1.2. Award liquidated damages under 29 U.S.C. § 216(b;

10.1.1.3. Award reasonable attorneys' fees under the Fair Labor Standards Act;

10.1.1.4. Award pre-judgment interest;

10.1.1.5. Award costs of suit under 29 U.S.C. § 216(b); and

10.1.1.6. Grant any further relief that the Court may deem just and equitable.

10.1.1.7.

Respectfully submitted

**IPIN, AMSTER & GREENBERG, LLC**

By:    Gregg C. Greenberg

Gregg C. Greenberg, Bar No. 17291
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

**The Law Office of Chris R. Miltenberger, PLLC**

By:    Chris R. Miltenberger

Chris R. Miltenberger
To be admitted by Pro Hac Vice
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorneys for Plaintiff**